IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK BENDER

    Plaintiff,

v.                                          Cause No. 1:22cv00646 KK/GBW

ALLSTATE INDEMNITY COMPANY,

    Defendant.

## ALLSTATE'S ANSWER TO COMPLAINT

For its answer to Plaintiff Mark Bender's Complaint, Defendant Allstate Indemnity Company states as follows:

1. Allstate is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, denies the same.

2. With respect to the allegations of Paragraph 2, Allstate admits only that its principal place of business is in Illinois and it conducts business in the State of New Mexico and Allstate denies any remaining allegation of Paragraph 2.

3. With respect to the allegations of Paragraph 3, Allstate admits that the United States District Court for the District of New Mexico has jurisdiction over the parties and subject matter.

4. With respect to the allegations of Paragraph 4, Allstate admits only that venue is proper in this Court to which this case has been removed.

5. Paragraph 5 contains purely legal conclusions to which no response is required.

6. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 6 of the Complaint, and therefore denies the same.

7. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 7 of the Complaint, and therefore denies the same.

8. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 8 of the Complaint, and therefore denies the same.

9. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 10 of the Complaint, and therefore denies the same.

11. With respect to the allegations of Paragraph 11, Allstate admits only that a renter's policy was in force on the date of the alleged loss and state that policy speaks for itself and Allstate denies any allegation contained in Paragraph 11 inconsistent therewith.

12. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 13 of the Complaint, and therefore denies the same.

14. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 15 of the Complaint, and therefore denies the same.

16. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 16 of the Complaint, and therefore denies the same.

17. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 17 of the Complaint, and therefore denies the same.

18. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 18 of the Complaint, and therefore denies the same.

19. With respect to the allegations of Paragraph 19 of the Complaint, Allstate admits only that it received a law enforcement report reflecting a theft claim made by Plaintiff but Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 19 of the Complaint, and therefore denies the same.

20. With respect to the allegations of Paragraph 20 of the Complaint, Allstate admits only that it received a law enforcement report reflecting a theft claim made by Plaintiff but Allstae is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 20 of the Complaint, and therefore denies the same.

21.     Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 21 of the Complaint, and therefore denies the same.

22.     Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 22 of the Complaint, and therefore denies the same.

23.     Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 23 of the Complaint, and therefore denies the same.

24.     Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 24 of the Complaint, and therefore denies the same.

25.     Allstate admits the allegations of Paragraph 25 of the Complaint.

26.     With respect to the allegations of Paragraph 26, Allstate states that the referenced website speaks for itself and Allstate denies any allegation of Paragraph 26 inconsistent therewith.

27.     With respect to the allegations of Paragraph 27, Allstate admits only that a renter's policy was in force on the date of the alleged loss and state that policy speaks for itself and Allstate denies any allegation contained in Paragraph 27 inconsistent therewith.

28.     With respect to the allegations of Paragraph 28, Allstate admits only that it received notification of a reported theft and denies any allegation contained in Paragraph 28 inconsistent therewith.

29.     With respect to the allegations of Paragraph 29 of the Complaint, Allstate admits only that Steve Peterson was involved in the handling of the claim made by Plaintiff.

30.     With respect to the allegations of Paragraph 30, Allstate admits only that Peterson and Plaintiff had discussions about the circumstances surrounding the claim of theft during which Plaintiff made inconsistent statements and Allstate is without sufficient knowledge or information with which to admit or deny the remaining allegations and therefore deny the same.

31.     Allstate admits the allegations of Paragraph 31.

32.     Allstate admits the allegations of Paragraph 32.

33. With respect to the allegations of Paragraph 33, Allstate admits it issued a letter and states that the referenced letter speaks for itself and Allstate denies any allegation of Paragraph 33 inconsistent therewith.

34. With respect to the allegations of Paragraph 34, Allstate admits it issued a letter and states that the referenced letter speaks for itself and Allstate denies any allegation of Paragraph 34 inconsistent therewith.

35. With respect to the allegations of Paragraph 35, Allstate admits that it received an email from Plaintiff addressing the claim denial and states that email speaks for itself and Allstate denies any allegation of Paragraph 35 inconsistent therewith.

36. With respect to the allegations of Paragraph 36, Allstate admits that a letter was sent to Plaintiff on October 7, 2021 and Allstate states that letter speaks for itself and Allstate denies any allegation of Paragraph 36 inconsistent therewith.

37. With respect to the allegations of Paragraph 37 of the Complaint, Allstate admit only that premium was paid for the policy but Allstate denies the remaining allegations of Paragraph 37.

**Count I: Alleged Violation of Implied Covenant of Good Faith and Fair Dealing**

38. Allstate incorporates its responses set forth above in Paragraphs 1 through 37 for its response to Paragraph 38 of the Complaint.

39. With respect to the allegations of Paragraph 39, Allstate states that the policy terms and conditions are outlined in the policy itself and Allstate denies any allegation inconsistent therewith.

40. Allstate denies the allegations of Paragraph 40 of the Complaint.

41. Paragraph 41 contains pure legal conclusion to which no response is required.

42. Allstate denies the allegations of Paragraph 42 of the Complaint including all sub parts thereto.

43. Allstate denies the allegations of Paragraph 43 of the Complaint.

44. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 44 of the Complaint, and therefore denies the same.

45. Allstate is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 45 of the Complaint, and therefore denies the same.

46. Allstate denies the allegations of Paragraph 46 of the Complaint.

### Count II:  Alleged Unfair Insurance Claim Practices

47. Allstate incorporates its responses set forth above in Paragraphs 1 through 46 for its response to Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains pure legal conclusions to which no response is required.

49. Paragraph 49 of the Complaint contains pure legal conclusions to which no response is required.

50. Allstate denies the allegations of Paragraph 50 including all subparts of the Complaint.

51. Allstate denies the allegations of Paragraph 51 of the Complaint.

52. Paragraph 52 does not contain allegations requiring a response.

53. Allstate denies that Plaintiff is entitled to any of the relief requested in Paragraph 53 of the Complaint.

54. Allstate denies each and every allegation not specifically admitted above.

### **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by comparative bad faith and/or comparative fault.

3. Plaintiff's claims are barred in whole or in part by Plaintiff's own misrepresentation and/or policy holder dishonesty.

4.    Plaintiff's claims for monetary benefits under the policies are barred, and/or should be apportioned; to the extent any damages claimed by Plaintiffs are the proximate result of pre-existing conditions and or subsequent events.

5.    In all events, and at all times material hereto, Allstate had, at the very least, a legitimate and fairly debatable basis for its conduct, and, accordingly, Allstate cannot be held liable for any extra-contractual damages whatsoever herein.

6.    To the extent discovery so warrants, Plaintiff may have failed to mitigate any damages, thereby barring recovery herein or reducing such recovery in an amount proportionate.

7.    Plaintiff's claims are barred in whole or in part by the terms of the policy.

8.    Plaintiff's claims are barred in whole or in part by a failure to comply with one or more conditions precedent to recovery of the benefits sought in this case.

9.    Plaintiff's statutory claims under the Unfair Insurance Claims Practices Act are groundless and Allstate is entitled to its attorneys' fees in defending against the groundless claims.

10.   No award of punitive damages can be made to Plaintiff because, among other things:

   a.   Such an award of punitive damages would amount to a deprivation of Allstate's property without due process of law, in violation of the provisions of the United States and New Mexico Constitutions, and would otherwise violate due process.

   b.   No legislation has been passed authorizing punitive damages in civil actions such as this or placing any limit on the amount of punitive damages actually recoverable in such actions.

   c.   The criteria which would be used in determining whether punitive damages could be awarded are impermissibly vague, imprecise and inconsistent, and therefore violate the due process provisions of the United States and New Mexico Constitutions.

   d.   An award of punitive damages in this civil action would amount to an excessive fine, in violation of the provisions of the United States and New Mexico Constitutions.

    e.  An award of punitive damages, which allows consideration of the relative financial positions of the parties, violates the due process provisions of the United States and New Mexico Constitutions.

    f.  An award of punitive damages in this action would violate the equal protection clauses of the United States and New Mexico Constitutions and would constitute cruel and unusual punishment in violation of the provisions of those constitutions.

  Allstate states that it does not know which, if any, additional affirmative defenses may apply. Allstate has neither knowingly nor intentionally waived any applicable affirmative defenses. If Allstate later learns that additional affirmative defenses may apply, Allstate will seek leave to amend its answer to raise such other affirmative defenses. Allstate specifically reserves the right to assert additional affirmative defenses as discovery continues.

  WHEREFORE, Defendant Allstate respectfully requests that this Court grant it judgment in its favor as to Plaintiff's Complaint in its entirety, award Allstate its costs, including reasonable attorneys' fees, incurred in defending this action, and award Allstate such other and further relief as the Court deems just and proper.

           MODRALL, SPERLING, ROEHL, HARRIS
            & SISK, P.A.

           By: */s/ Jennifer A. Noya*
            Jennifer A. Noya
            Sonya R. Burke
            Post Office Box 2168
            Bank of America Centre, Suite 1000
            500 Fourth Street, N.W.
            Albuquerque, New Mexico  87103-2168
            Telephone: (505) 848-1800

*Attorneys for Allstate*

WE HEREBY CERTIFY that on this 7th day of September 2022, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

>Benjamin Gubernick
>GUBERNICK LAW, P.L.L.C.
>1070 W. Indian School Rd.
>Ste. 19PMB 12
>Phoenix, AZ 85037
>623.525.6961
>Ben@gubernicklaw.com

>Todd J. Bullion
>LAW OFFICE OF TODD J. BULLION
>4811 Hardware Dr. NE
>Bldg. D, Suite 5
>Albuquerque, NM 87109
>505.452.7674
>todd@bullionlaw.com

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: */s/ Jennifer A. Noya*
　　Jennifer A. Noya