IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARK BENDER,**

      **Plaintiff,**

**vs.**                                        **Case No: 1:22-cv-00646-KWR-GBW**

**ALLSTATE INDEMNITY COMPANY,**

      **Defendants.**

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on October 6, 2022, at 2:30 p.m. and was attended by:

**For Plaintiff**:

Benjamin Gubernick

**For Defendant**:

Jennifer A. Noya

**NATURE OF THE CASE**

This case involves a dispute over the recovery of insurance benefits under a renter's insurance policy Plaintiff made a claim under the policy for the alleged theft of his customized wheelchair. Allstate denied the claim due to alleged discrepancies in Plaintiff's account. Plaintiff contends that Allstate's denial of his claim was inconsistent with Allstate's contractual obligations and done in bad faith. Allstate denies any wrongdoing.

**AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

Plaintiff should be allowed until **December 10, 2022**, to move to amend the pleadings and until **December 10, 2022**, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant should be allowed until **January 10, 2022**, to move to amend the pleadings and until **January 10, 2022**, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties stipulate and agree that venue is properly laid in this District and that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties further stipulate and agree that New Mexico state law governs this case.

## PLAINTIFF'S CONTENTIONS:

Plaintiff contends that the allegations contained in the operative complaint are accurate. Plaintiff contends that the alleged inconsistent statements Defendant used as a basis to deny his claim were immaterial. Plaintiff contends that Defendant failed to perform a reasonable investigation as required by the insurance contract and New Mexico law. Plaintiff contends that Defendant acted in bad faith by denying his claim. Plaintiff contends that that he is entitled to all remedies available under New Mexico law, including punitive damages and attorneys' fees.

## DEFENDANT'S CONTENTIONS

Allstate contends that it appropriately adjusted the claimed loss and did not breach the contract or violate the Unfair Insurance Practices Act.  Allstate further contends that it conducted a reasonable and through investigation and acted reasonably and with good faith at times material to the Complaint.  Allstate denies Plaintiff's claims alleged in the Complaint and denies that Plaintiff is entitled to any damages.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

*Version 3: December 2009*

I. Witnesses

**Plaintiff's Specific Fact Witnesses:**

1. Plaintiff Mark Bender
   c/o Todd J. Bullion
   4811 Hardware Dr NE
   Bldg D, Suite 5
   Albuquerque, NM 87109
   505-452-7674
   Email: todd@bullionlaw.com

   —and—

   Gubernick Law P.L.L.C
   BENJAMIN GUBERNICK
   10720 W. Indian School Rd
   Ste. 19 PMB 12
   Phoenix, AZ 85037
   623-252-6961
   Email: Ben@gubernicklaw.com

   Plaintiff has knowledge regarding the allegations in his complaint, as well as his alleged injuries and damages.

2. Deputy Sheriff Bill Sanchez
   Sandoval County Sheriff's Office
   1500 Idalia Rd, Bernalillo, NM 87004
   (505) 867-4581

   Mr. Sanchez will testify about his investigation of the theft of Plaintiff's wheelchair.

3. Steve Peterson
   C/O Jennifer A. Noya
   Post Office Box 2168
   Bank of America Centre, Suite 1000
   500 Fourth Street, N.W.
   Albuquerque, New Mexico 87103-2168
   (505) 848-1800

   Mr. Peterson will testify about Allstate's denial of Plaintiff's claim.

4. Phil Compton
   22 Roxie Rd.
   Las Vegas, NM 87701
   505-690-3932

   Mr. Compton will testify about the wheelchair donated to Plaintiff.

5. Dr. Wallace Gladden
   505 Elm Street NE
   Albuquerque, NM 87102
   505-727-4919

   Dr. Gladden will testify about Plaintiff's medical conditions.

6. Dr. Michael Hennelly
   Jemez Health Center
   110 Sheep Springs
   Jemez Springs, NM 87024
   575-834-7413

   Dr. Hennelly will testify about Plaintiff's medical conditions.

7. Dr. Joseph Luzius
   Jemez Health Center
   110 Sheep Springs
   Jemez Springs, NM 87024
   575-834-7413

   Dr. Luzius will testify about Plaintiff's medical conditions.

8. Any witness identified by Defendant or any other party.

9. Any witness identified in Plaintiff's First Amended Complaint.

10. Such records custodians as may be necessary.

11. Any witness necessary for laying a foundation, impeachment, or rebuttal.

12. Any witnesses identified during discovery.

This is a preliminary list, and Plaintiff reserves the right to supplement the same.

**Defendants' Specific Fact Witnesses:**

1. Steve Peterson
   c/o Jennifer A. Noya
   Sonya R. Burke
   Modrall, Sperling
   P.O. Box 2168
   Albuquerque, NM  87103
   (505) 848.1881

   Mr. Peterson from Allstate possess information regarding the adjustment of Plaintiff's claim.

2. Plaintiff
   Gubernick Law P.L.L.C
   BENJAMIN GUBERNICK
   10720 W. Indian School Rd
   Ste. 19 PMB 12
   Phoenix, AZ 85037

   Plaintiff has knowledge regarding Plaintiff's claims and his communications with Allstate.

3. Plaintiff's wife (address unknown)

   Plaintiff's wife has knowledge regarding her communications with Allstate in connection with the claim filed by Plaintiff.

4. Any and all witnesses listed by other parties in this action.

5. Any and all witnesses identified during discovery.

6. Any and all witnesses necessary to establish or rebut the authenticity of exhibits.

7. Rebuttal witnesses, the need for which cannot presently be determined.

## II.   Exhibits

### Plaintiff's List of Documents that May Be Used As Exhibits At Trial

1. The renter's insurance policy issued by Allstate to Plaintiff.

2. The invoice for Plaintiff's wheelchair.

3. Medical records related to Plaintiff's memory impairments.

4. Medical records related to Plaintiff's need for a customized wheelchair.

5. Correspondence between Allstate and Plaintiff related to the denied policy claim.

6. Any exhibits or documents identified by the Defendant or any other party.

7. Documents produced and obtained during discovery.

8. Experts' CVs, reports, and supporting exhibits.

9. Additional exhibits may be identified as discovery proceeds.

10. Any exhibit used in discovery or deposition or identified by any party.

11. Any exhibit necessary for impeachment or rebuttal.

12. Demonstrative exhibits not yet determined.

13. Any exhibit offered by Defendant.
14. Any document identified or obtained pursuant to subpoena;
15. Any document identified or obtained through informal discovery;

Plaintiff reserves his right to amend or supplement this list at any time.

**Defendant's List of Documents that May Be Used As Exhibits At Trial**

1. Policy documents.
2. Non-privileged documents contained in Allstate's claim file.
3. Documents identified through discovery processes.
4. Rebuttal documents as needed.
5. Any document identified by any other party.

### III.   Experts

**Plaintiff's Experts:**   Plaintiff has not yet identified experts, but he will disclose any expert witnesses in a timely manner as set forth by the applicable scheduling order.

**Defendant's Experts**:   Allstate has not yet retained any testifying experts in this matter.  Should any such testifying experts be retained, Allstate will timely provide expert disclosures, reports, and pertinent information as required by the Federal Rules of Civil Procedure and/or the orders of this Court.

**Discovery will be needed on the following subjects:**

Plaintiffs require discovery on the facts and circumstances surrounding Defendant's denial of his insurance claim.

Defendant requires discovery on Plaintiff's claim for alleged theft and the circumstance surrounding the same and Plaintiff's claims and alleged damages.

The parties propose a maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

The parties propose a maximum of 30 requests for admission by each party to any other party. (Response due 30 days after service).

The parties propose a maximum of 10 depositions by Plaintiff and 10 by Defendant.

Each deposition of a fact witness is limited to maximum of 4 hours unless extended by agreement of parties. Depositions of Plaintiff, Defendant, and retained experts are limited to a maximum of 7 hours.

Reports from retained experts under Rule 26(a)(2) due:

From Plaintiff by 75 days following early mediation

From Defendant by 120 days following early mediation

Supplementation under Rule 26(e) is due within **14 days** of receipt of information.

All discovery will be commenced in time to be complete by **150 days following the date of mediation**.

## PRETRIAL MOTIONS

Plaintiff intends to file: Motion for partial summary judgment on the issue of liability and discovery motions including *Daubert* motions as needed depending on the course of discovery.

Defendant intends to file:Motion for Summary Judgment and/or Motions in Limine as appropriate.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 5 **days**.

____ This is a non-jury case.

__X__ This is a jury case.

## SETTLEMENT

The parties believe a settlement of this dispute is possible. The parties request that the magistrate conduct a mediation at the earliest available date.

*Version 3: December 2009*

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)


By: *Approved via email on 10.11.22*
    Gubernick Law P.L.L.C
    BENJAMIN GUBERNICK
    10720 W. Indian School Rd
    Ste. 19 PMB 12
    Phoenix, AZ 85037
    623-252-6961
    Email: Ben@gubernicklaw.com

    Todd J. Bullion
    4811 Hardware Dr NE Bldg D, Suite 5
    Albuquerque, NM 87109
    505-452-7674
    Email: todd@bullionlaw.com

*Attorneys for Plaintiff*


MODRALL, SPERLING, ROEHL, HARRRIS
  & SISK, P.A.

By: */s/Jennifer A. Noya*
    Jennifer A. Noya
    Sonya R. Burke
    Post Office Box 2168
    500 Fourth Street, N.W.
    Albuquerque, New Mexico 87103-2168
    Telephone: (505) 848-1800
    Fax: (505) 848-9710
    jnoya@modrall.com
    srbu@modrall.com

*Attorneys for Defendant*

*Version 3: December 2009*